UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PETER GOMEZ,

                Petitioner,

  v.

                                                  9:19-CV-1571
                                                  (TJM)

MARK ROYCE, Supt. of the Green Haven Correctional
Facility,

                Respondent.

---

APPEARANCES:                                       OF COUNSEL:

PETER GOMEZ
15-A-3674
Petitioner, pro se
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

Petitioner Peter Gomez seeks habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). On December 20, 2019, this action was administratively closed due to petitioner's failure to properly commence the case by either paying the statutory filing fee or filing a properly certified IFP application. Dkt. No. 3, Order. On January 21, 2020, the Court received petitioner's filling fee and reopened this action. Dkt. No. 5, Letter from Petitioner; Dkt. Entry dated 01/21/20 (indicating receipt information for the filing fee transaction); Dkt. No. 4, Text Order Reopening Case.

After an initial review, the Court granted petitioner leave to file an amended petition. Dkt. No. 6, Decision and Order dated 01/27/20 ("January Order"). Specifically, the Court held that petitioner failed to provide enough factual information to determine what claims petitioner wanted to pursue and why he was entitled to relief. *Id.* at 3. Further, the Court noted its inability to determine whether petitioner's claims were properly exhausted. *Id.* at 3-5.

On February 24, 2020, the Court received petitioner's amended petition. Dkt. No. 7, Amended Petition ("Am. Pet."). For the reasons which follow, petitioner shall have thirty (30) days to either file proof of commencement of his collateral state court motion or voluntarily withdraw his plainly unexhausted claim from his amended petition. Failure to engage in either action will result in the petition being dismissed without prejudice as unexhausted.

## II.   THE PETITION

Petitioner challenges a 2015 conviction from Albany County, pursuant to a guilty plea, for second degree criminal sale of a controlled substance. Am. Pet. at 1-2; *see also People v. Gomez*, 162 A.D.3d 1311, 1311 (3rd Dep't 2018).[1] The New York State Supreme Court, Appellate Division, Third Department, affirmed his conviction on direct appeal, and, on January 14, 2019, the New York Court of Appeals denied his application for leave to appeal. *Gomez,* 162 A.D.3d at 1312, *lv. denied*, 32 N.Y.3d 1172 (2019); *accord* Am. Pet. at 2.

Petitioner also filed a motion to vacate his conviction pursuant to New York State Criminal Procedure Law § 440.10 ("440 motion") in February of 2018. Am. Pet. at 3. Petitioner's motion was denied, without a hearing, on July 2, 2018. *Id.* at 3-4. Petitioner

---

[1] Citations to the petition and exhibits refer to the pagination generated by CM/ECF, the Court's electronic filing system.

explained that he did not further appeal the decision because all of his legal documents were destroyed when a toilet flooded his cell. *Id.* at 5. Petitioner also continually references his intention to file a belated appeal or second 440 motion to challenge whether the trial court had jurisdiction over his case. *Id.* at 10-12.

Petitioner contends that he is entitled to habeas relief because (1) his plea was coerced and, therefore, involuntary (Am. Pet. at 5-7); (2) the search warrant lacked probable cause because the underlying affidavit was supported by false and unreliable evidence (*id.* at 7-8); (3) his statement was obtained in violation of the Fifth Amendment (*id.* at 8-9); and (4) the trial court lacked jurisdiction over petitioner's case (*id.* at 10-12). For a more complete statement of petitioner's claims, reference is made to the amended petition.

## III. DISCUSSION

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must

give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Here, petitioner plainly states that his fourth claim has not been exhausted. Am. Pet. at 11-12 (indicating "No" when asked whether "all grounds for relief . . . ha[d] . . . been presented to the highest state court having jurisdiction.").[2] Further, petitioner explains that, while he intends on initiating a collateral attack at some point in state court, there are none presently pending. *O'Sullivan*, 526 U.S. at 845.

There is no basis on the record before this Court to conclude that there is an absence of available State corrective process (*e.g.*, where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to protect petitioner's rights (*e.g.* where further pursuit would be futile). 28 U.S.C. § 2254(b)(1)(B)(i), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000). Petitioner has state court remedies available to him and, given his prior 440 motion and statements in his amended petition, he knows how to pursue them. Therefore, it is not futile to require him to complete exhaustion of his state court remedies before pursuing a federal habeas petition.

Accordingly, if petitioner wishes to move forward with all of the claims presently included in his amended petition, he may not do so until he has properly exhausted them. 28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii); *O'Sullivan*, 526 U.S. at 845. While petitioner's papers do not reflect his awareness that his petition was filed prematurely as a sort of protective filing,

---

[2] Petitioner's first three claims were the subject of his direct appeal. *Gomez*, 162 A.D.3d at 1311-1312 (holding that petitioner's "challenge to the voluntariness of his guilty plea is unpreserved," the trial court "properly denied suppression of [petitioner's] statement because it was spontaneous and not elicited by police interrogation," and "[t]he court properly determined that the warrant applications, read together, established the confidential informant's reliability and basis of knowledge.").

4

petitioner has explicitly asked for a stay in his amended petition. Am. Pet. at 13-14.

When a district court is presented with a "mixed petition" containing both exhausted and unexhausted claims, it may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). This "stay and abeyance" procedure should be "available only in limited circumstances" where the petitioner can show both (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." *Id.* at 277. While there is no exact definition of what constitutes good cause,

> [d]istrict courts in this Circuit have primarily followed two different approaches . . . Some courts find "that a petitioner's showing of 'reasonable confusion' constitute[s] good cause for failure to exhaust his claims before filing in federal court." . . . Other courts require a more demanding showing – that some external factor give rise to the petitioner's failure to exhaust the claims.

*Knight v. Colvin*, No. 1:17-CV-2278, 2019 WL 569032, at *4 (E.D.N.Y. Feb. 11, 2019) (internal citations omitted).

Petitioner has not argued, much less established, that he had "good cause" for failing to exhaust his claims in state court before filing his petition. Petitioner does not appear to have any difficulty navigating through the state court for a direct appeal or collateral attack. Moreover, petitioner indicated that he required a stay here because his claims were unexhausted, a task that could only be completed if he filed a subsequent 440 motion in state court, illustrating his knowledge of proper exhaustion. Am. Pet. at 13-14. Further, petitioner has not demonstrated any difficulties pursuing the present habeas petition in this Court. Where petitioner had deficiencies in his past filings, he has complied with the Court's

5

direction and effectively corrected them to allow his case to progress. Thus, it cannot be said that petitioner is expressing confusion about the state court appellate process or the trajectory of a habeas petition in federal court. *Cf Rivera*, 2017 WL 3017713, at *3 (finding good cause where a petitioner demonstrated "reasonable confusion about whether a state filing would be timely[,]" and thus uncertainty over whether her claims were properly exhausted in state court) (citing *Pace v. Diguglielmo*, 544 U.S. 408, 416-17 (2005)).

Accordingly, at this time, the Court cannot grant petitioner's request for a stay. If petitioner wishes to continue with all four claims in his amended petition, he must file a 440 motion to exhaust the fourth and final claim. Upon the commencement of a parallel state court proceeding, the Court would then reevaluate the need for a stay mainly because, as the Supreme Court has stated, in dicta, "a stay will be preferable . . . and . . . will be the only appropriate course in cases . . . where an outright dismissal could jeopardize the timeliness of a collateral attack." *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001) (citing *Duncan v. Walker*, 533 U.S. 167, 182-83 (2001) (Stevens, J., with whom Souter, J. joins, concurring in part in the judgment)).

Petitioner could also choose to move forward with his petition by voluntarily withdrawing his fourth – admittedly unexhausted – claim and pursuing only his exhausted claims, Grounds 1 through 3. *Zarvela*, 254 F.3d at 382. However, because petitioner seeks relief pursuant to section 2254, any potential claims are subject to the "gate keeping" provisions of section 2244, including the restrictions upon the filing of "second or successive" section 2254 habeas petitions under subsection (b). Petitioners are generally permitted to only file one section 2254 petition challenging a particular state court judgment. Once that first petition has been decided on the merits, a petitioner may not file a second or successive

6

petition challenging the same state court decision or determination without first seeking permission to do so from the appropriate federal Court of Appeals–in this case, the Second Circuit. 28 U.S.C. § 2244(b). Because of these restrictions, if petitioner chooses to voluntarily withdraw the fourth claim and move forward with his petition, he may be forever losing the ability to bring his fourth claim in federal court.

In sum, there are deficiencies with the amended petition and it is unclear to the Court how petitioner would prefer to proceed. Accordingly, petitioner shall have thirty (30) days to either (1) file proof of commencement of a 440 motion in state court addressing his fourth, unexhausted, claim or (2) voluntarily withdraw the fourth claim and proceed with the remaining claims. If petitioner chooses to do nothing, the Court will dismiss the petition without prejudice because it is unexhausted. *Rhines*, 544 U.S. at 275-76. If petitioner allows this to happen, he is warned that he would be coming close to the expiration of the statue of limitations. This would be relevant if, in the future after the termination of the statute of limitations, petitioner attempted to re-file his claims because petitions filed after the expiration of the statute of limitations are generally barred.[3]

---

[3] The AEDPA's one-year limitations period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A). When petitioners do not seek certiorari in the United States Supreme Court, a state conviction becomes final ninety (90) days after the New York Court of Appeals denied leave to appeal. *Gonzales v. Thaler*, 565 U.S. 134, 148-49 (2012); *Saunders v. Senkowski*, 587 F.3d 543, 547 (2d Cir. 2009). Properly filed state court applications for relief operate to toll the limitations period if those applications are filed before the one-year limitations period expires. 28 U.S.C. § 2244(d)(2); *Saunders,* 587 F.3d at 548. The tolling provision excludes from the limitations period only the time that the state relief application remains undecided, including the time during which an appeal from the denial of the application was taken. *Saunders*, 587 F.3d at 548.
　　The Third Department affirmed petitioner's conviction on direct appeal, and the New York Court of Appeals eventually denied petitioner's application for leave to appeal on January 14, 2019. *Gomez,* 162 A.D.3d at 1312, *lv. denied*, 32 N.Y.3d 1172 (2019); *accord* Am. Pet. at 2.. Petitioner's conviction was due to become final ninety days later; however, because that fell on a Sunday, the date was extended until Monday, April 15, 2019. *Thaler*, 565 U.S. at 148-49. Petitioner, therefore, would have until April 15, 2020 to timely re-file any subsequent federal habeas petition.

7

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that, within thirty (30) days of the filing date of this Decision and Order, petitioner must either (1) file proof of commencement of a 440 action regarding petitioner's fourth claim or (2) seek voluntary dismissal of the fourth claim; and it is further

**ORDERED** that upon such filing, the Clerk is directed to return the file to the Court for further review; and it is further

**ORDERED** that if petitioner fails to take any action, the Court shall dismiss the petition without prejudice as unexhausted; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Local Rules.

Dated: February 27, 2020

Thomas J. McAvoy
Senior, U.S. District Judge