UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PETER GOMEZ,

                Petitioner,

   v.
                                                     9:19-CV-1571
                                                     (TJM)
MARK ROYCE, Supt. of the Green Haven Correctional
Facility,

                Respondent.
_____

APPEARANCES:                                        OF COUNSEL:

PETER GOMEZ
15-A-3674
Petitioner, pro se
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Petitioner Peter Gomez seeks habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). On February 24, 2020, in compliance with the Court's direction, petitioner filed an amended petition. Dkt. No. 6, Decision and Order dated 1/27/20; Dkt. No. 7, Amended Petition ("Am. Pet."). Petitioner argued that he is entitled to habeas relief because (1) his plea was coerced and, therefore, involuntary (Am. Pet. at 5-7); (2) the search warrant lacked probable cause because the underlying affidavit was supported by false and unreliable evidence (*id.* at 7-8); (3) his statement was obtained in violation of the Fifth Amendment (*id.* at 8-9); and (4) the trial court lacked jurisdiction over petitioner's case (*id.* at 10-12).

On February 27, 2020, the Court provided petitioner with thirty (30) days to clarify his wishes on how he would like to proceed with the action. Dkt. No. 8, Decision and Order dated 02/27/20 ("February Order"). Specifically, petitioner's fourth claim was plainly and admittedly unexhausted. *Id.* at 4. As petitioner explained, he had initially presented his claims challenging the trial court's jurisdiction to the state court via a 440 motion; however, he never appealed the denial of the motion despite his stated intentions to do so. *Id.* at 2-4. Petitioner was presented with a choice. He could either (1) file proof with the Court demonstrating his continued efforts to exhaust the claim in state court; (2) voluntarily withdraw the claim and proceed with his three remaining exhausted claims; or (3) do nothing, in which case the Court would dismiss the petition as being unexhausted. *Id.* at 4-7.

Presently before the Court is petitioner's motion for reconsideration and, liberally construing the submission, request for an extension of time to comply with the February Order. Dkt. No. 9. Petitioner contends that the Court has misunderstood or misconstrued the procedural posture of his state court actions and disputes this Court's conclusion that his petition should be dismissed if he does not voluntarily withdraw his unexhausted claim as being too "drastic." *Id.* at 1-2. Further, given the coronavirus pandemic, petitioner asserts that the state courts are closed, the availability of corrections officers to receive and deliver legal mail is limited, and access to a notary is problematic. *Id.* at 3. Therefore, it is difficult to comply with the February Order's option of providing this Court with proof that petitioner is attempting to exhaust his state court remedies. *Id.* However, petitioner acknowledges that he is attempting to do just that by making "a motion to the Supreme Court of the State of New York, Appellate Division, Third Department [to] obtain either a grant or denial of a 'late notice of appeal[.]'" *Id.* Petitioner concludes by stating he "will advise this Court upon any

2

information from the state court in regard[s to] th[e] availab[ily] and . . . existi[ence of that] remedy." *Id.*

Petitioner asserts that the Court is mistaken in its evaluation of his collateral state court attacks; however, that is not the case. Petitioner's own representations indicate that he filed a 440 motion, it was denied, and he failed to appeal its denial. February Order at 2-3. Petitioner acknowledged he had to exhaust his state court remedies by filing a belated appeal or second 440 motion. *Id.* Petitioner's present submission clarifies and reaffirms his choice to continue pursuing all four of his claims.

Accordingly, petitioner's motion for reconsideration need not presently be addressed because it is rendered moot by petitioner's actions pursuing his state court remedies. His compliance with the February Order is not perfect; however, that is not entirely petitioner's fault because litigation for all parties in state courts has been rendered challenging by the current state of emergency in New York State. Therefore, the Court will grant petitioner an additional forty-five (45) days to file proof that he has either commenced a second 440 motion or that he is pursuing a late application for notice to appeal.

**WHEREFORE**, it is

**ORDERED** that the motion for reconsideration, Dkt. No. 9, is denied as moot given petitioner's decision to continue pursuing his collateral state court remedies; and it is further

**ORDERED** that petitioner has forty-five (45) days to file proof with the Court of his actions in state court; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon petitioner in accordance with the Court's Local Rules of Practice.

Dated: March 31, 2020

_____
Thomas J. McAvoy
Senior, U.S. District Judge