UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PETER GOMEZ,

                Petitioner,

  v.
                                                      9:19-CV-1571
                                                      (TJM)

MARK ROYCE, Supt. of the Green Haven Correctional
Facility,

                Respondent.

---

APPEARANCES:                               OF COUNSEL:

PETER GOMEZ
15-A-3674
Petitioner, pro se
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

      Petitioner Peter Gomez seeks habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). On February 24, 2020, in compliance with the Court's direction, petitioner filed an amended petition. Dkt. No. 6, Decision and Order dated 1/27/20; Dkt. No. 7, Amended Petition ("Am. Pet."). Petitioner argued that he is entitled to habeas relief because (1) his plea was coerced and, therefore, involuntary (Am. Pet. at 5-7); (2) the search warrant lacked probable cause because the underlying affidavit was supported by false and unreliable evidence (*id.* at 7-8); (3) his statement was obtained in violation of the Fifth Amendment (*id.* at 8-9); and (4) the trial court lacked jurisdiction over petitioner's case (*id.* at 10-12).

On February 27, 2020, the Court provided petitioner with thirty (30) days to clarify his wishes on how he would like to proceed with the action. Dkt. No. 8, Decision and Order dated 02/27/20 ("February Order"). Specifically, petitioner's fourth claim was plainly and admittedly unexhausted. *Id.* at 4. As petitioner explained, he had initially presented his claims challenging the trial court's jurisdiction to the state court via a 440 motion; however, he never appealed the denial of the motion despite his stated intentions to do so. *Id.* at 2-4. Petitioner was presented with a choice. He could either (1) file proof with the Court demonstrating his continued efforts to exhaust the claim in state court; (2) voluntarily withdraw the claim and proceed with his three remaining exhausted claims; or (3) do nothing, in which case the Court would dismiss the petition as being unexhausted. *Id.* at 4-7.

Petitioner requested an extension of time to comply with the February Order. Dkt. No. 9. The Court granted him an additional forty-five (45) days to provide proof that he had properly exhausted his 440 motion in state court. Dkt. No. 10, Decision and Order dated 03/31/20 ("March Order").

On May 1, 2020, the Court received petitioner's status report. Dkt. No. 11. It stated:

> As directed to do so by this Court, a state court remedy is filed in the Appellate Division, Third Department and awaiting decision by that state court as to requirement of exhaustion of leave to appeal denial of a CPL § 440.10 motion.

*Id.* While this submission indicates that petitioner complied with the spirit of the March Order, the submission still fails to actually demonstrate that petitioner has satisfied the February Order and given this Court the information it needs to determine whether a stay is proper. February Order at 6 ("Upon commencement of a parallel state court proceeding, the Court would then reevaluate the need for a stay mainly because . . . a stay will be preferable and . .

2

. the only appropriate course in cases where an outright dismissal could jeopardize the timeliness of a collateral attack.") (internal quotation marks and citations omitted).

Given the special solicitude offered to pro se inmates, the Court will further specify what it requires in order to properly consider whether the petition should be stayed. Accordingly, petitioner is given an additional thirty (30) days to file proof of his state court filing, namely **any correspondence which petitioner received from the Third Department** acknowledging receipt of his appeal. This can be satisfied by providing the Court with a copy of the letter that the Appellate Division's Clerk's Office sent to petitioner acknowledging receipt of petitioner's motion and providing him with the Third Department's case number. Alternatively, petitioner can provide any other documentation of the state court filing **which he received from the Third Department,** which indicates the date petitioner filed his appeal, acknowledges receipt thereof, or provides the case number related to said appeal.

**WHEREFORE**, it is

**ORDERED** that petitioner has thirty (30) days to file proof with the Court of his actions in state court; and it is further

**ORDERED** that upon receipt of said proof, the Clerk shall respectfully forward the file to the Court for determination regarding the appropriateness of a stay; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon petitioner in accordance with the Court's Local Rules of Practice.

Dated: May 14, 2020

Thomas J. McAvoy
Senior, U.S. District Judge

3