UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PETER GOMEZ,

                Petitioner,
  v.
                                                  9:19-CV-1571
                                                  (TJM)

MARK ROYCE, Supt. of the Green Haven Correctional
Facility,

                Respondent.
_____

APPEARANCES:                                      OF COUNSEL:

PETER GOMEZ
15-A-3674
Petitioner, pro se
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

THOMAS J. McAVOY
Senior United States District Judge

**DECISION and ORDER**

**I.    BACKGROUND**

      Petitioner Peter Gomez seeks habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). On February 24, 2020, in compliance with the Court's direction, petitioner filed an amended petition. Dkt. No. 6, Decision and Order dated 1/27/20; Dkt. No. 7, Amended Petition ("Am. Pet.").

      On February 27, 2020, the Court provided petitioner with thirty (30) days to clarify his wishes on how he would like to proceed with the action. Dkt. No. 8, Decision and Order dated 02/27/20 ("February Order"). Specifically, one of the claims in his amended petition

was plainly and admittedly unexhausted.  *Id.* at 4.[1]  Petitioner indicated his wishes to exhaust his last claim in state court so that he could proceed with all four claims in his present petition; accordingly, the Court directed petitioner to file proof that he had engaged with the state court and was actively exhausting his state court remedies.  Dkt. No. 10, Decision and Order dated 03/31/20 ("March Order"), at 2-3.

On May 1, 2020, the Court received a status report.  Dkt. No. 11.  While the submission demonstrated petitioner's intent to comply with the March Order, the submission failed to satisfy the Court.  Dkt. No. 12, Decision and Order dated 05/14/20 ("May Order"), at 2-3.  The Court further clarified its expectations and granted petitioner an additional thirty (30) days to comply.  *Id.* at 3.

Presently pending before the Court is petitioner's second status report, awaiting review and further consideration.  Dkt. No. 15.

## II. PETITION

Petitioner challenges a 2015 conviction from Albany County, pursuant to a guilty plea, for second degree criminal sale of a controlled substance.  Am. Pet. at 1-2; *see also People v. Gomez*, 162 A.D.3d 1311, 1311 (3rd Dep't 2018).  The New York State Supreme Court, Appellate Division, Third Department, affirmed his conviction on direct appeal, and, on January 14, 2019, the New York Court of Appeals denied his application for leave to appeal.  *Gomez,* 162 A.D.3d at 1312, *lv. denied*, 32 N.Y.3d 1172 (2019); *accord* Am. Pet. at 2-3.

Petitioner also filed a motion to vacate his conviction pursuant to New York State Criminal Procedure Law § 440.10 ("440 motion") in February of 2018.  Am. Pet. at 3.

---

[1] Citations to the petition and exhibits refer to the pagination generated by CM/ECF, the Court's electronic filing system.

Petitioner's motion was denied, without a hearing, on July 2, 2018. *Id.* at 3-4. Petitioner explained that he did not further appeal the decision because all of his legal documents were destroyed when a toilet flooded his cell. *Id.* at 5. Petitioner recently filed a request for leave to appeal the denial of his 440 motion. *See* Dkt. No. 15.

Petitioner argues that he is entitled to habeas relief because (1) his plea was coerced and, therefore, involuntary (Am. Pet. at 5-7); (2) the search warrant lacked probable cause because the underlying affidavit was supported by false and unreliable evidence (*id.* at 7-8); (3) his statement was obtained in violation of the Fifth Amendment (*id.* at 8-9); and (4) the trial court lacked jurisdiction over petitioner's case (*id.* at 10-12).

### III. STATUS REPORT

Petitioner's status report indicated that, on June 5, 2020, he received correspondence from the Third Department acknowledging petitioner's application for permission to appeal the denial of his 440 motion from Albany County Court. Dkt. No. 15 at 1; *see also id.* at 2 (copy of the letter petitioner received from the Third Department's Chief Motion Attorney). The Third Department directed petitioner to also "provide . . . proof that [he] . . . served a copy of [the] application for permission to appeal upon the office of the Albany County District Attorney," and provided him with the appropriate paperwork to do so. *Id.* at 2. Petitioner represented that "[t]he District Attorney . . . is [also] in possession of [a] duplicate copy of the state court motion before the State Appellate Court." *Id.* at 1. Petitioner also indicated his intention to "obtain acknowledgment that the Albany County District Attorney's Office has been in receipt of the leave motion since April 2020," and inform this Court of the same. *Id.*

The Court finds this status report , Dkt. No. 15, to be satisfactory proof that petitioner

3

has engaged the state court and is actively exhausting his administrative remedies.

## IV.     DISCUSSION

Petitioner did not indicate that his papers were submitted prematurely as a protective filing; however, the Court noted that, if petitioner chose to pursue exhaustion of his state court remedies, it would consider a stay.  February Order at 6 ("Upon the commencement of a parallel state court proceeding, the Court would then reevaluate the need for a stay mainly because, as the Supreme Court has stated, in dicta, "a stay will be preferable . . . and . . . will be the only appropriate course in cases . . . where an outright dismissal could jeopardize the timeliness of a collateral attack.") (citations omitted).  Accordingly, the Court shall do so now.

When a district court is presented with a "mixed petition" containing both exhausted and unexhausted claims, it may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies.  *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005).  This "stay and abeyance" procedure should be "available only in limited circumstances" where the petitioner can show (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless."  *Id.* at 277.  A stay may become "the only appropriate course [of action] in cases . . . where an outright dismissal could jeopardize the timeliness of collateral attack." *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001); *see also Duncan v. Walker*, 533 U.S. 167, 182-83 (2001) (Stevens, J., with whom Souter, J. joins, concurring in part and in judgment) ("[T]here is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies [especially] . . . when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of the AEDPA's 1-year limitations period."); *Evans v.*

4

*Senkowski,* 228 F. Supp. 2d 254, 261 (E.D.N.Y. 2002) ("In sum, [the Second Circuit] holds that a mixed petition, filed on the eve of the running of the AEDPA statute of limitations, should be stayed rather than dismissed.").

Under the circumstances presented in this case, the Court finds that a stay is warranted. For purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009). In this case, petitioner's conviction became final on April 15, 2019, ninety days after the New York Court of Appeals denied leave to appeal.[2] Am. Pet. at 2-3; *Gomez,* 32 N.Y.3d at 1172. Petitioner had until January 15, 2020, to file a timely habeas petition. Petitioner's original petition was signed December 13, 2019.[3] Pet. at 14. Accordingly, the petition was timely filed. However, dismissal of the petition without prejudice at this point would result in any future petition being subject to dismissal as time-barred.

Moreover, the Court cannot say, based on the current submissions, that petitioner's claims are plainly meritless or that he engaged in any dilatory tactics. *Rhines*, 544 U.S at 278.

Therefore, the Court will stay the petition. However, federal courts should not "be turned into a jurisdictional parking lot for unexhausted claims." *Hust v. Costello*, 329 F.

---

[2] The date petitioner's conviction became final was on Sunday, April 14, 2020. Accordingly, the filing date was extended to the next business day, Monday, April 15, 2020. *See* Fed. R. Civ. P. 6(a)(1)(C).

[3] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988).

Supp. 2d 377, 380 (E.D.N.Y. 2004) (internal quotation marks omitted); *see also Rodriguez v. Griffin*, No. 9:16-CV-1037 (DNH), 2017 WL 1283766, at *2 (N.D.N.Y. Apr. 5, 2017) (same); *Zarvela*, 254 F.3d at 381 (addressing "the concern about excessive delays in seeking exhaustion and . . . returning to federal court . . . by allowing a habeas petitioner no more than reasonable intervals of time to present his claims to the state courts and to return to federal court after exhaustion.").

Mindful of the aforementioned concerns, the Court will grant petitioner a stay at this point. However, petitioner **must** advise the Court in writing **every thirty (30) days** of the status of the pending state court proceeding, including an acknowledgment from the Albany County District Attorney's Office that the leave to appeal motion was received and the date upon which any decision is reached. **Within thirty (30) days** of the date upon which the final state court capable of reviewing petitioner's application has reached a decision, petitioner must notify the Court in writing of the decision. Petitioner is cautioned that if he fails to comply with the terms of this Decision and Order, the stay shall be immediately lifted and the file returned to the Court for further proceedings.

**V.    CONCLUSION**

**WHEREFORE**, it is

**ORDERED**, that the petition will be **STAYED**; and it is

**ORDERED**, that petitioner must advise the Court in writing **every thirty (30) days**, on the status of the pending state court application, including the date upon which any decision is reached; and it is

**ORDERED**, that **within thirty (30) days** of the date upon which the final state court

capable of reviewing petitioner's application reaches a decision, petitioner must notify the Court of that decision; and it is

**ORDERED**, that if petitioner fails to comply with the terms of this Decision and Order, the stay will be immediately lifted and the file returned to the Court for further proceedings; and it is

**ORDERED**, that no response to the petition will be required until petitioner completes exhaustion of his unexhausted claim and the stay is lifted, or until the stay is lifted pursuant to the preceding ordering paragraph; and it is

**ORDERED**, that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Court's Local Rules of Practice.

Dated: July 15, 2020

Thomas J. McAvoy
Senior, U.S. District Judge